**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KRISTINE NARDONE, | ) | |
|      Plaintiff, | ) | |
| | ) | Case No.: 1:26-cv-8224 |
|     vs. | ) | |
| | ) | |
| AT&T UMBRELLA BENEFIT PLAN NO. 3 | ) | |
| and AT&T SERVICES, INC., a Delaware | ) | |
| corporation, | ) | |
|      Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, KRISTINE NARDONE, by and through her attorneys, LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C., and for her Complaint against AT&T UMBRELLA BENEFIT PLAN NO. 3 and AT&T SERVICES, INC., states as follows:

**Count I: Recovery of Benefits Due Under Plan Pursuant to 29 U.S.C. § 1132(a)(1)(B)**

**Nature of the Action**

1.    This action is brought under provisions of the Employee Retirement Income Security Act ("ERISA") to recover benefits due under the terms of a health benefits plan under 29 U.S.C. § 1132(a)(1)(B) and for statutory penalties pursuant to 29 U.S.C. § 1132(a)(1)(A), as defined in 29 U.S.C. § 1132(c)(1), modified by 29 C.F.R. § 2575.502c–1.

2.    Plaintiff, Kristine Nardone, received chiropractic manipulative treatments and therapeutic exercises, defined further below ("the Services") from Advanced Physical Medicine of Yorkville, Ltd. ("APMY") between the dates of January 19, 2024 and July 30, 2024.  The Services were covered under Plaintiff's health benefits plan, Blue Cross Blue Shield of Illinois ("BCBSIL") Plan No. *****9217 ("the Plan").  The Plan is a group health benefits plan subject to ERISA.

3.      APMY is the assignee of benefits for health care services APMY provided to Plaintiff, and is Plaintiff's designated authorized representative.  Plaintiff conveyed to APMY all rights to pursue recovery of benefits due under the Plan for the Services and to bring derivative actions on his behalf to recover such benefits and to pursue any other available remedies under the law.  This assignment was in effect during all times relevant to this Complaint.  A true and correct copy of Plaintiff's Legal Assignment of Benefits, dated September 10, 2018, and Authorized Representative Form, dated January 19, 2024, are attached hereto as Exhibit A.

4.      This action is brought to recover health benefits due to Plaintiff under the Plan for claims that Defendant arbitrarily and capriciously denied.

### Parties

5.      Plaintiff, Kristine Nardone, is a resident of Yorkville, Kendall County, Illinois.

6.      AT&T UMBRELLA BENEFIT PLAN NO. 3 ("AT&T Plan") is an employee health and welfare benefit plan governed by ERISA, and its agent for legal process is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

7.      AT&T Services, Inc. ("AT&T Services") is the Plan Administrator for the AT&T Plan, with its principal place of business located at 208 S. Akard Street, Dallas, TX 75202 and its Illinois registered agent is C T Corporation System, located at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.  Upon information and belief, AT&T Services had fiduciary responsibilities as the Plan Administrator to administer and make proper determinations under the AT&T Plan for payment of claims, including Plaintiff's.

### Jurisdiction and Venue

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for all claims asserted in this Complaint.  All claims in this Complaint pose questions of federal law arising

under provisions of ERISA. Additionally, 29 U.S.C. § 1132(e)(1) grants the U.S. district courts exclusive jurisdiction of claims brought under 29 U.S.C. § 1132(a)(1)(A) and concurrent jurisdiction for claims brought under 29 U.S.C. § 1132(a)(1)(B).

9. This Court has personal jurisdiction over Defendants because as Plan Administrator, AT&T Services administered and was responsible for providing benefits under the AT&T Plan in the Northern District of Illinois and denied claims under the Plan's coverage for services rendered in the Northern District of Illinois. Further, the Plan specifies that suits for claims for benefits must be filed directly against the Plan.

10. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to these claims occurred in this district and under 29 U.S.C. § 1132(e)(2) as the district in which the Plan was administered.

**The Plan**

11. Under the AT&T Plan, AT&T Services is named as the Plan Administrator.

12. Upon information and belief, AT&T Services, as the Plan Administrator, named BLUE CROSS BLUE SHIELD OF ILLINOIS ("BCBSIL") as the Claims/Benefits Administrator for the Plan. Per the Summary Plan Description ("SPD"), third-party administrators "have been delegated responsibility and discretion for interpreting the provisions of the Program, making findings of fact, determining the rights and status of you and others under the Program and deciding disputes under the Program." (See SPD, Exhibit C, p. 270-271).

13. The SPD also states that "[t]he Benefits Administrator has the complete discretion to determine claims for benefits as well as internal appeals from an adverse benefits determination." (See SPD, Exhibit C, p. 272).

14.     As set forth above, AT&T Services gave authority to BCBSIL, as its agent and Claims/Benefits Administrator, to administer, determine benefits, and make payments under the Plan.  BCBSIL, as the Claims/Benefits Administrator, acted with the authority delegated to it by AT&T Services, who ultimately holds all fiduciary duties related to the Plan.

**Claims History**

15.     On January 5, 2024, prior to providing the Services, APMY spoke with BCBSIL representative "LeAnn", with reference call reference number 121719387.  On behalf of BCBSIL, LeAnn informed Plaintiff that Vertebral Axial Decompression (the "S9090 Procedure) was a covered service and would be paid.

16.     As Plaintiff's authorized representative, APMY submitted approval to BCBSIL, which included 5 office visits for the S9090 Procedure between January 19, 2024 and May 15, 2024.  The Services were covered under the Plan.

17.     BCBSIL denied these claims for the Services, with claim code CO-50, which states that "These are non-covered services because this is not deemed a 'medical necessity' by the payer."  AT&T Services did not pay the denied Services following BCBSIL's denial of Services.

18.     On June 24, 2024, as Plaintiff's authorized representative, APMY submitted its first appeal of the denied/incorrectly processed Services.  APMY's appeal referred to its phone conversation with BCBSIL for verification of benefit prior to providing the Services to Plaintiff, and argued that Plaintiff's benefits had been misquoted.  APMY's appeal included a request for Plaintiff's plan documents, including a complete copy of the Summary Plan Description ("SPD"), a reviewing physician's report, all documents which the Plan reviewed or could have reviewed in regard to its denial of the claims, and all pertinent information related to the denial of Services. The appeal also requested a transcript of APMY's January 5, 2024 benefit verification call with

"LeAnn". A true and correct copy of APMY's June 24, 2024 appeal is attached hereto as Exhibit B.

19. On July 11, 2024, BCBSIL sent a letter to APMY, wherein it affirmed its denial of the claims for Services as not medically necessary. BCBSIL also provided its internal case notes from the January 5, 2024 verification call between APMY and BCBSIL, but not the entire transcript as requested. Further, BCBSIL provided 18 pages from the SPD, but not the entire SPD, as was requested. BCBSIL did not include any reviewing physicians report, or any other documentation regarding the process by which it reached its decision that the treatment provided was not medically necessary. A true and correct copy of BCBSIL's July 11, 2024 letter is attached hereto as Exhibit C.

20. On August 30, 2024, as Plaintiff's authorized representative, APMY submitted a second appeal of the claim denials for the Services to BCBSIL. This appeal directed BCBSIL's attention to the insufficiency of its response to APMY's first appeal, and once again requested the full SPD and the January 5, 2024 call transcript. A true and correct copy of APMY's August 30, 2024 second appeal is attached hereto as Exhibit D.

21. No response to APMY's second appeal was received from BCBSIL.

22. To date, BCBSIL has not provided the remaining requested documents, or responded to APMY's second appeal. AT&T Services has continued to fail to pay the denied Services.

23. To date, Plaintiffs' claims for Services of $1,925.00 remain unpaid.

24. Plaintiff brings Count I under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due under the Plan that Defendants arbitrarily and capriciously denied.

5

25. Plaintiff has exhausted her administrative remedies regarding the disputed denials of benefits for the Services under 29 C.F.R. § 2560.503-1(l)(1). BCBSIL failed to follow procedures consistent with a full and fair review of the appeals provided to it by APMY, as Plaintiff's authorized representative, as required by 29 U.S.C. § 1133(2) and defined under 29 C.F.R. § 2560.503-1.

26. BCBSIL failed to provide the specific reason or reasons for denial and the specific reference to pertinent plan provisions on which the denial was based, or to the extent that BCBSIL provided a reason, it was not rationally based on a review of the medical records provided to it.

27. BCBSIL did not provide APMY with the reviewing physician's report relevant to Plaintiff's adverse benefit determination upon written request as required by 29 U.S.C. 1024(b)(4) and 29 CFR 2560.503-1(i)(5).

28. Further, BCBSIL did not provide the transcript of APMY's January 5, 2024 benefit verification call.

29. As the Plan Administrator, AT&T is liable as a fiduciary under the Plan for BCBSIL's denials and for failure to pay the claims for the denied Services.

30. Therefore, Plaintiff is entitled to recover the full amount of her claim for $1,925.00 from Defendants.

31. Plaintiff is entitled to recover their reasonable attorney's fees under 29 U.S.C. § 1132(g)(1) from AT&T.

WHEREFORE, for the foregoing reasons, Plaintiff, KRISTINE NARDONE, respectfully requests this Court to enter judgment in her favor and against Defendants, AT&T UMBRELLA BENEFIT PLAN No. 3 and AT&T SERVICES, INC., in the amount of $1,925.00 plus attorney's fees and costs, and such other relief as this Court deems just.

6

Respectfully submitted,

LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C.

By: _____
One of the Plaintiff's Attorneys

Kenneth S. McLaughlin, Jr.
ARDC No. 6229828
LAW OFFICES OF MCLAUGHLIN & ASSOCIATES, P.C.
1 E. Benton Street, Suite 301
Aurora, IL 60505
630-230-8434
630-230-8435 fax
kmclaughlin@ma-lawpc.com

7